**Nunu AZMAIPARASHVILI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 06–70045, 06–72852.

United States Court of Appeals, Ninth Circuit.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2008.*

Filed March 24, 2008.

Reynold E. Finnegan, Esq., Finnegan & Diba, A Law Corporation, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., Barry J. Pettinato, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Jeffery R. Leist, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: CANBY, T.G. NELSON, and BEA Circuit Judges.

## MEMORANDUM **

Nunu Azmaiparashvili, a native and citizen of Georgia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") (No. 06–70045), and the BIA's order denying Azmaiparashvili's motion to reopen proceedings (No. 06–72852). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). We review denials of a motion to reopen for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petitions for review.

Substantial evidence supports the agency's adverse credibility finding because it is based on inconsistencies between Azmaiparashvili's testimony and evidence in the record regarding whether she was in Georgia in the fall of 1997. *See Wang v. INS,* 352 F.3d 1250, 1256–58 (9th Cir.2003). The inconsistencies go to the heart of Azmaiparashvili's asylum claim because the alleged persecution stemmed from her opening a club for homosexuals in Georgia in the fall of 1997, and is contradicted by documents in the record that indicate that Azmaiparashvili entered the United States in May 1997, applied to extend her visa in November 1997, and was ordered to depart in May 1999 after overstaying her visa. Accordingly, Azmaiparashvili's asylum claim fails.

Because Azmaiparashvili failed to meet the lower standard of proof required to establish eligibility for asylum, she also failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Azmaiparashvili's CAT claim also fails because it is based on the same evidence that was found not credible, and she points to no other evidence that should have been considered in making the CAT determination. *See id.* at 1156–57.

The BIA did not abuse its discretion in denying Azmaiparashvili's motion to reopen to adjust status based on her marriage to a U.S. citizen during removal proceedings where Azmaiparashvili did not submit "clear and convincing" evidence that her marriage is bona fide. *See Malhi v. INS,* 336 F.3d 989, 994 (9th Cir.2003) (upholding denial of motion to reopen to adjust status where movant failed to submit sufficient documents to satisfy regula-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tory requirements); 8 C.F.R. § 204.2(a)(1)(iii)(B).

**PETITIONS FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

